United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Mallinckrodt LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | None |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 43-1479062 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 385 Marshall Ave.<br>Number        Street | _____<br>Number        Street |
| | P.O. Box |
| Webster Groves    Missouri  63119<br>City              State    ZIP Code | _____<br>City              State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| St. Louis<br>County | _____<br>Number        Street |
| | _____<br>City              State    ZIP Code |

**5. Debtor's website** (URL)    www.mallinckrodt.com

| Debtor | Mallinckrodt LLC | Case number (if known)_____ |
|---|---|---|
| | Name | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

3  2  5  4

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor is defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Mallinckrodt LLC_____    Case number (if known)_____
          Name

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☒ No

    ☐ Yes. District _____ When _____ Case number _____
                                          MM / DD / YYYY

           District _____ When _____ Case number _____
                                          MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes. Debtor __See Attachment 1__    Relationship __Affiliate_____

           District __District of Delaware__    When __Contemporaneously_____
                                                      MM / DD / YYYY

           Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

           **Why does the property need immediate attention?**  (*Check all that apply*.)

           ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

              What is the hazard? _____

           ☐ It needs to be physically secured or protected from the weather.

           ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

           ☐ Other _____

           **Where is the property?** _____
                                      Number        Street

                                      _____

                                      _____
                                      City                      State    ZIP Code

           **Is the property insured?**

           ☐ No

           ☐ Yes. Insurance agency _____

                  Contact name _____

                  Phone _____

---

**Statistical and administrative information**

| Debtor | Mallinckrodt LLC | Case number (if known)_____ |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors**<br>(on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☒ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

| | | | |
|---|---|---|---|
| **15. Estimated assets**<br>(on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities**<br>(on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | ☒  The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>☒  I have been authorized to file this petition on behalf of the debtor.<br><br>☒  I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

Executed on  <u>10/12/2020</u>
         MM  / DD / YYYY

**× */s/ Stephen A. Welch*_____          Stephen A. Welch_____
Signature of authorized representative of debtor          Printed name

Title <u>Chief Transformation Officer</u>_____

| Debtor | Mallinckrodt LLC | Case number (if known)_____ |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ /s/ Michael J. Merchant

Signature of Attorney for debtor

Date    10/12/2020

MM    / DD / YYYY

Michael J. Merchant

Printed name

Richards, Layton & Finger, P.A.

Firm name

920        North King Street

Number        Street

Wilmington                                        Delaware    19801

City                                                    State        ZIP Code

302-651-7700                                    merchant@rlf.com

Contact phone                                    Email address

3854                                                Delaware

Bar number                                        State

## ATTACHMENT 1 TO VOLUNTARY PETITION

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Debtor Name | Federal EIN |
|---|---|
| Mallinckrodt plc | 98-1088325 |
| Acthar IP Unlimited Company | 98-1219747 |
| IMC Exploration Company | 74-1856768 |
| Infacare Pharmaceutical Corporation | 31-1807488 |
| INO Therapeutics LLC | 47-0931456 |
| Ludlow LLC | 04-2614539 |
| MAK LLC | 82-3297479 |
| Mallinckrodt APAP LLC | 47-2085115 |
| Mallinckrodt ARD Finance LLC | 82-3638933 |
| Mallinckrodt ARD Holdings Inc. | 47-2402827 |
| Mallinckrodt ARD Holdings Limited | 98-1190042 |
| Mallinckrodt ARD IP Unlimited Company | 98-1273238 |
| Mallinckrodt ARD LLC | 33-0476164 |
| Mallinckrodt Brand Pharmaceuticals LLC | 90-0136080 |
| Mallinckrodt Buckingham Unlimited Company | UK Tax ID 7891923224 |
| Mallinckrodt Canada ULC | 98-1065149 |
| Mallinckrodt CB LLC | 83-1878651 |
| Mallinckrodt Critical Care Finance LLC | 47-5172425 |
| Mallinckrodt Enterprises Holdings, Inc. | 94-3160456 |
| Mallinckrodt Enterprises LLC | 36-4679061 |
| Mallinckrodt Enterprises UK Limited | 98-1190911 |
| Mallinckrodt Equinox Finance LLC | 32-0542730 |
| Mallinckrodt Group S.à r.l. | 98-1094611 |
| Mallinckrodt Holdings GmbH | 98-1162957 |
| Mallinckrodt Hospital Products Inc. | 41-2142317 |
| Mallinckrodt Hospital Products IP Unlimited Company | 98-1273300 |
| Mallinckrodt International Finance SA | 98-1094609 |
| Mallinckrodt International Holdings S.à r.l. | 98-1272203 |
| Mallinckrodt IP Unlimited Company | 98-1190770 |
| Mallinckrodt LLC | 43-1479062 |

| | |
|---|---|
| Mallinckrodt Lux IP S.à r.l. | 98-1190722 |
| Mallinckrodt Manufacturing LLC | 47-5172075 |
| Mallinckrodt Pharma IP Trading Unlimited Company | 98-1272335 |
| Mallinckrodt Pharmaceuticals Ireland Limited | 98-1217693 |
| Mallinckrodt Pharmaceuticals Limited | 98-1274182 |
| Mallinckrodt Quincy S.à r.l. | 98-1191395 |
| Mallinckrodt UK Finance LLP | 98-1274193 |
| Mallinckrodt UK Ltd | 98-1240542 |
| Mallinckrodt US Holdings LLC | 32-0408865 |
| Mallinckrodt US Pool LLC | 90-0937192 |
| Mallinckrodt Veterinary, Inc. | 36-3480465 |
| Mallinckrodt Windsor Ireland Finance Unlimited Company | Irish Tax ID 3347922OH |
| Mallinckrodt Windsor S.à r.l. | 98-1286736 |
| MCCH LLC | 32-0541022 |
| MEH, Inc. | 65-0952696 |
| MHP Finance LLC | 47-5176059 |
| MKG Medical UK Ltd | 98-1241288 |
| MNK 2011 LLC | 80-0739865 |
| MUSHI UK Holdings Limited | 98-1190248 |
| Ocera Therapeutics, Inc. | 63-1192270 |
| Petten Holdings Inc. | 83-3441641 |
| SpecGx Holdings LLC | 84-3594520 |
| SpecGx LLC | 81-4463153 |
| ST Operations LLC | 84-4597158 |
| ST Shared Services LLC | 84-3727053 |
| ST US Holdings LLC | 20-5950462 |
| ST US Pool LLC | 84-4591199 |
| Stratatech Corporation | 39-2025292 |
| Sucampo Holdings Inc. | 85-2745451 |
| Sucampo Pharma Americas LLC | 13-3929237 |
| Sucampo Pharmaceuticals, Inc. | 30-0520478 |
| Therakos, Inc. | 22-2575957 |
| Vtesse LLC | 47-1075596 |
| WebsterGx Holdco LLC | 85-0505835 |

**MALLINCKRODT APAP LLC; MALLINCKRODT ARD FINANCE LLC; MALLINCKRODT ENTERPRISES HOLDINGS, INC.; MALLINCKRODT ENTERPRISES LLC; MALLINCKRODT EQUINOX FINANCE LLC; MALLINCKRODT LLC; SPECGX LLC; SPECGX HOLDINGS LLC; WEBSTERGX HOLDCO LLC**

**Unanimous Written Consent in Lieu of a Meeting**

**October 11, 2020**

The undersigned, constituting all of the members of the board of directors or board of managers, as applicable (the "*Board*"), of each of the entities listed on <u>Annex A</u> hereto (each a "*Company*," and together, the "*Companies*"), in accordance with each Company's bylaws, operating agreements and other governing documents, hereby consent to and adopt the following resolutions as the action of the Board by written consent in lieu of a meeting pursuant to applicable law and such Company's bylaws or operating agreement, as applicable, and hereby direct that this written consent be delivered to the Companies for inclusion in their minutes or filing with their corporate records.

*Approval of Bankruptcy Filing, Restructuring Support Agreement, and Cash Collateral Usage*

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the outside financial and legal and other advisors of the Companies regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Companies, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on each of the Companies' businesses;

**WHEREAS**, the Board has reviewed and evaluated the proposed Restructuring Support Agreement (substantially in the form and substance attached hereto as **Exhibit A**, and as may be further amended, supplemented or otherwise revised, the "*Restructuring Support Agreement*"), by and among the Companies, certain of their creditors, and certain other parties and the transactions contemplated thereby;

**WHEREAS,** the Board has consulted with the management and financial and legal advisors of the Companies and has considered fully each of the strategic alternatives available to the Companies**;** and

**WHEREAS**, the Board has determined that it is desirable and in the best interests of each of the Companies, their creditors, and other stakeholders generally that each of the Companies file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

**BE IT RESOLVED**, that the Companies are hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code (the "*Chapter 11 Cases*");

**BE IT FURTHER RESOLVED**, that each officer of each of the Companies (collectively, the "***Authorized Officers***") be, and each of them acting alone hereby is, authorized to execute and verify such petition of the applicable Company in the name of such Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), in such form and at such time as the Authorized Officer executing such petition shall determine; and

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file, or cause to be filed (or direct others to do so on their behalf as provided herein) with the Bankruptcy Court, on behalf of the Companies, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other necessary papers or documents, including any amendments thereto, and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants, or other professionals and to take any and all actions that they deem necessary or proper to obtain such chapter 11 bankruptcy relief, and to take any necessary steps to coordinate and effectuate each of the Chapter 11 Cases.

**BE IT FURTHER RESOLVED**, that under the totality of the circumstances, the agreements reflected in the Restructuring Support Agreement are in the best interests of the Companies and the Board hereby authorizes and approves the Companies to document, execute, and deliver the Restructuring Support Agreement;

**BE IT FURTHER RESOLVED**, that each other agreement, document, and instrument contemplated by the Restructuring Support Agreement to be executed or delivered by the Companies is hereby authorized and approved; and

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to document, execute, and deliver the Restructuring Support Agreement, as the same may be amended, supplemented, or modified, as such Authorized Officers may consider necessary, proper, or desirable, and in the best interests of the Companies and their stakeholders generally, consistent with the intent of these resolutions, the execution thereof by such Authorized Officers to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Officer determines to be necessary or appropriate in order to effectuate the general intent of the foregoing resolutions; *provided*, that the Authorized Officers shall not approve any material amendments, supplements, or modifications to, or other amendments, supplements, or modifications that are generally inconsistent with the Restructuring Support Agreement without the prior approval of the Board.

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered, with full power of delegation, on behalf of and in the name of the Companies, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement, or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings, and other documents, agreements, and papers, including any and all loan agreements, documents, notes, guaranties, security agreements, pledge agreements, and all other documents,

agreements, or instruments as may be deemed necessary or appropriate by such Authorized Person, and to take any and all actions, including the grant of new liens and payment of adequate protection amounts, that such Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases, any usage of cash collateral and other collateral under the Companies' secured credit facilities contemplated hereby or thereby.

### *Worthless Internal Receivables*

**WHEREAS**, certain of the Companies are borrowers and lenders with respect to certain internal obligations between certain of the Companies and their affiliates (collectively, the "***Mallinckrodt Group***") created in the conduct of such Companies' trade or business ("***Internal Debt***");

**WHEREAS**, it is noted by the Board that certain of the Companies hold receivables from Internal Debt related to (i) balances under that certain Cash Management Agreement dated February 13, 2018 by and among Mallinckrodt US Pool LLC and certain members of the Mallinckrodt Group (the "***CMA Receivables***"), (ii) certain intercompany receivables listed on Annex B, as well as (iii) other non-operating receivables between certain members of the Mallinckrodt Group (together with the CMA Receivables and debts listed on Annex B, the "***Internal Receivables***");

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the outside financial and legal and other advisors of the Companies regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Companies, the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the possibility of recovery with respect to the Internal Receivables;

**BE IT RESOLVED**, the Companies will treat the Internal Receivables as wholly worthless for purposes of their books and records under Generally Accepted Accounting Principles and for all purposes of the Internal Revenue Code reflecting the Mallinckrodt Group's filing of voluntary petitions for relief under the provisions of chapter 11 of the Bankruptcy Code in combination with the unsecured status of the Internal Receivables, provided, however, that nothing herein shall limit or otherwise abrogate the authority delegated to the independent members of the Board (the "Independent Managers") pursuant to those certain written consents of the Board for certain of the Companies, each dated as of February 27, 2020 (collectively, the "Delegating Resolutions") with respect to Conflict Matters (as defined in the Delegating Resolutions) as they relate to the Internal Receivables, and all rights of the Independent Managers pursuant to the Delegating Resolutions with respect to such Conflict Matters are hereby reserved.;

### *Retention of Professionals*

**BE IT RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Latham & Watkins LLP to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases, and each of

the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham & Watkins LLP;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Richards, Layton & Finger, PA to represent and advise the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Richards, Layton & Finger, PA;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Katten Muchin Rosenman LLP to represent and advise the Independent Managers with respect to Conflict Matters, in carrying out their duties under the Bankruptcy Code, applicable law and the Delegating Resolutions, and in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Katten Muchin Rosenman LLP;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Wachtell, Lipton, Rosen & Katz to represent and advise the Companies on corporate, finance and tax matters, and to continue assisting the Companies with respect to particular litigation matters on which it has represented certain Companies, and to take any and all actions to advance the Companies' rights and obligations in connection with corporate, finance and tax matters and such litigation matters, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Wachtell, Lipton, Rosen & Katz;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Ropes & Gray LLP to represent and advise the Companies in all opioid-related litigations and matters, and to take any and all actions to advance the Companies' rights and obligations in connection with the opioid-related litigations and matters, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Ropes & Gray LLP;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the law firm of Arthur Cox to represent and advise the Companies in carrying out their duties during the examinership proceedings to be commenced by the directors of the Mallinckrodt plc or any other Company under the laws of Ireland (the "***Irish Examinership Proceedings***"), and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings, in connection with the Irish Examinership Proceedings, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Irish Examinership Proceedings, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Arthur Cox;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the firm of Guggenheim Securities, LLC, as investment banker and financial advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Guggenheim Securities, LLC;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the firm of AlixPartners, LLP, as restructuring advisor, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AlixPartners, LLP;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ the firm of Prime Clerk LLC, as claims, noticing, soliciting, and balloting agent, to assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Prime Clerk LLC; and

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the Companies, to employ any other professionals necessary to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers

prior to the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary.

### *General Implementation Authority*

**BE IT RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer of a Company to seek relief on behalf of such Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases in connection with such proceedings, or any matter related thereof, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the applicable Company;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies and each of their direct and indirect subsidiaries (collectively, the "***Mallinckrodt Parties***") to take any action, as in the judgment of such Authorized Officer shall be or become necessary, proper, and desirable to put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Companies, to cause the Companies to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Officer shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Cases, and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Companies to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered, with full power of delegation, for and in the name and on behalf of the Mallinckrodt Parties, to execute and authorize and take such other actions that are deemed necessary and advisable, with respect to any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions;

**BE IT FURTHER RESOLVED**, that all acts, actions, and transactions that are consistent with the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Companies; and

**BE IT FURTHER RESOLVED**, that any facsimile or other electronic signature of a member of the Board to these resolutions shall be fully effective as an original signature hereto.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, being the all of the members of the board of directors or board of managers, as applicable, of each Company, have executed this written consent as of the date first written above.

_____  _____
Stephen A. Welch

_____  _____
Marc Beilinson

_____  _____
Sherman Edmiston

_____  _____
Mark Casey

**<u>Annex A</u>**

Companies

Mallinckrodt APAP LLC, a Delaware limited liability company

Mallinckrodt ARD Finance LLC, a Delaware limited liability company

Mallinckrodt Enterprises Holdings, Inc., a California corporation

Mallinckrodt Enterprises LLC, a Delaware limited liability company

Mallinckrodt Equinox Finance LLC, a Delaware limited liability company

Mallinckrodt LLC, a Delaware limited liability company

SpecGx LLC, a Delaware limited liability company

SpecGx Holdings LLC, a New York limited liability company

WebsterGx Holdco LLC, a New York limited liability company

## **Annex B**

Internal Receivables

A.  That certain loan receivable with an outstanding principal amount of $1,350,000,000.00 and a maturity date of September 25, 2020 between Mallinckrodt Enterprises LLC and Mallinckrodt Enterprises Holdings, Inc. and any accrued but unpaid interest thereunder

B.  That certain loan receivable with an outstanding principal amount of $400,000,000.00 and a maturity date of March 19, 2021 between Mallinckrodt Enterprises LLC and Mallinckrodt Enterprises Holdings, Inc. and any accrued but unpaid interest thereunder.

C.  That certain loan receivable with an outstanding principal amount of $33,967,922.60 and a maturity date of March 19, 2024 between Mallinckrodt Enterprises LLC and Mallinckrodt Enterprises Holdings, Inc. and any accrued but unpaid interest thereunder.

## **Exhibit A**

Restructuring Support Agreement

The Restructuring Support Agreement is attached to the *Declaration of Stephen A. Welch, Chief Transformation Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "***Welch Declaration***") filed in the Chapter 11 Cases.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MALLINCKRODT LLC, | ) Case No. 20-_____ (___) |
| | ) |
| Debtor. | ) Tax ID: 43-1479062 |
| | ) |
| | ) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Shareholder | Approximate Percentage of Units Held |
|---|---|
| Mallinckrodt Enterprises LLC | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALLINCKRODT LLC, | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | Tax ID: 43-1479062 |
| | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address | Ownership |
|---|---|---|
| Mallinckrodt Enterprises LLC | 385 Marshall Ave., Webster Groves, MO 63119 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| MALLINCKRODT PLC, *et al.*, | ) Case No. 20-_____ (___) |
|  | ) |
| Debtors. [1] | ) (Joint Administration Requested) |
|  | ) |
|  | ) |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 50 LARGEST UNSECURED CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (the "***Bankruptcy Code***").  Pursuant to Federal Rule of Bankruptcy Procedure 1007(d), the following is a consolidated list of the Debtors' creditors holding the fifty (50) largest unsecured claims (the "***Creditor List***") based on the Debtors' unaudited books and records as of October 9, 2020.

The Creditor List does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors, unless the value of such creditors' collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.  Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date.  The failure to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority, and/or amount of any such claim at a later date.

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.primeclerk.com/Mallinckrodt. The debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

Debtor Name   Mallinckrodt LLC

United States Bankruptcy Court for the: District of Delaware
                                       (State)

Case number (*If known*):_____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS) ATTORNEY OF RECORD: U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION, FEDERAL PROGRAMS BRANCH 7500 SECURITY BOULEVARD BALTIMORE, MD, 21244 | KEVIN MATTHEW SNELL PH: (202) 305-0924 KEVIN.SNELL@USDOJ.GOV | PAYOR REBATES | | | | $650,000,000 |
| 2 | 5.75% SENIOR NOTES DUE 2022 ADMINISTRATIVE AGENT: DEUTSCHE BANK TRUST COMPANY AMERICAS TRUST & AGENCY SERVICES 60 WALL STREET, 16TH FLOOR MAIL STOP: NYC60-1630 NEW YORK, NEW YORK 10005 ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A. FAX: 732-578-4635 | PHILIP TANCORRA PH: 212-250-6576 PHILIP.TANCORRA@DB.COM | 5.75% SENIOR NOTES DUE 2022 | | | | $610,304,000 |
| 3 | 5.625% SENIOR NOTES DUE 2023 ADMINISTRATIVE AGENT: DEUTSCHE BANK TRUST COMPANY AMERICAS TRUST & AGENCY SERVICES 60 WALL STREET, 16TH FLOOR MAIL STOP: NYC60-1630 NEW YORK, NEW YORK 10005 ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A. FAX: 732-578-4635 | PHILIP TANCORRA PH: 212-250-6576 PHILIP.TANCORRA@DB.COM | 5.625% SENIOR NOTES DUE 2023 | | | | $514,673,000 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4   5.50% SENIOR NOTES DUE 2025 ADMINISTRATIVE AGENT: DEUTSCHE BANK TRUST COMPANY AMERICAS TRUST & AGENCY SERVICES  60 WALL STREET, 16TH FLOOR MAIL STOP: NYC60-1630 NEW YORK, NEW YORK 10005 ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A. FAX: 732-578-4635 | PHILIP TANCORRA PH: 212-250-6576 PHILIP.TANCORRA@DB.COM | 5.50% SENIOR NOTES DUE 2025 | | | | $387,207,000 |
| 5   4.75% SENIOR NOTES DUE 2023 ADMINISTRATIVE AGENT: DEUTSCHE BANK TRUST COMPANY AMERICAS TRUST & AGENCY SERVICES  60 WALL STREET, 16TH FLOOR MAIL STOP: NYC60-1630 NEW YORK, NEW YORK 10005 ATTN: CORPORATES TEAM – MALLINCKRODT INTERNATIONAL FINANCE, S.A. FAX: 732-578-4635 | PHILIP TANCORRA PH: 212-250-6576 PHILIP.TANCORRA@DB.COM | 4.75% SENIOR NOTES DUE 2023 | | | | $133,657,000 |
| 6   MCKESSON  1220 SENLAC DRIVE CARROLLTON, TX, 75006 | BERTHA PEREZ PH: 972-446-4463 BERTHA.PEREX@MNKESSON.COM | DISTRIBUTOR FEES | Disputed | | | $70,670,791 |
| 7   AMERISOURCE BERGEN  1300 MORRIS DR CHESTERBROOK, PA, 19087 | STEVE GRAY PH: 856-686-6137 SGRAY@AMERISOURCEBERGEN.COM | DISTRIBUTOR FEES | | | | $69,906,996 |
| 8   CARDINAL  PO BOX 641231 PITTSBURGH, PA, 15264 | GRACE HIPOL PH: N/A GRACE.HIPOL@CARDINALHEALTH.COM | DISTRIBUTOR FEES | | | | $22,944,066 |
| 9   ASCENT(PRIME/ESI)  SCHAFFHAUSEN LIPO PARK, INDUSTRIESTRASSE 2 SCHAFFHAUSEN, 08207, CH | DREW PATTERSON PH: 314-684-7683 DMPATTERSON@EXPRESS-SCRIPTS.COM | DISTRIBUTOR FEES | | | | $17,271,978 |
| 10   PHARMATOP  10 SQUARE SAINT FLORENTIN LE CHESNAY, 78150, FR | JULIANNE POWERSPH: 302-636-6705JNPOWERS@WILMINGTONTRUST.COM | CONTRACTCLAIM | | | | $11,533,604 |
| 11   CVS  1950 NORTH STEMMONS FREEWAY SUITE 5010 DALLAS, TX, 75207 | KEENAN VAN GERVEN PH: 847-559-3663 KEENAN.VANGERVEN@CVSHEALTH.COM | DISTRIBUTOR FEES | | | | $11,393,341 |
| 12   9.50% DEBENTURES ADMINISTRATIVE AGENT: US BANK  100 WALL ST STE 600 NEW YORK, NY, 10005 | CAROLINE LEE PH: 917-770-4761 CAROLINE.LEE@USBANK.COM | 9.50% DEBENTURES | | | | $10,388,000 |
| 13   CA DEPT. OF HEALTH SERVICES  DHCS / PHARMACY BENEFIT DIVISION 1501 CAPITOL AVENUE, MS 4604 SACRAMENTO, CA, 95814 | LINH LE PH: 916-345-8563 LINH.LE1@DHCS.CA.GOV | PAYOR REBATES | | | | $10,174,951 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | BRISTOL MYERS SQUIBB COMPANY<br>345 PARK AVENUE<br>NEW YORK, NY, 10154 | BRENDAN COUGHLAN<br>PH: N/A<br>BRENDAN.COUGHLAN@BMS.COM | CONTRACT CLAIM | | | | $9,213,724 |
| 15 | NYS DEPARTMENT OF HEALTH, OHIP<br>15 CORNELL ROAD, SUITE 2201<br>LATHAM, NY, 12110 | COURTNEY SUTTLES<br>PH: 518-220-3811<br>SUTTLESC@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $8,873,476 |
| 16 | FRESENIUS KABI<br>BORKENBERG 14<br>OBERURSEL, 61440, DE | FRANZ KAINZ, PHD<br>PH: +49 (0) 6172 686 4337<br>FRANZ.KAINZ@FRESENIUS-KABI.COM | CONTRACT CLAIM | | | | $8,785,000 |
| 17 | AGENCY FOR HEALTH CARE ADMINISTRATION<br>2727 MAHAN DRIVE<br>TALLAHASSEE, FL, 32308 | ANA ARISTIZABAL<br>PH: 850-412-4080<br>ANA.ARISTIZABAL@AHCA.MYFLORIDA.COM | PAYOR REBATES | | | | $7,161,953 |
| 18 | TEXAS HEALTH & HUMAN SERVICES COMMISSION<br>P.O.BOX 8520; MAIL CODE 2250<br>4900 N. LAMAR<br>AUSTIN, TX, 78708-5200 | LINDA BRUMBLE<br>PH: 512-428-1996 | PAYOR REBATES | | | | $6,212,151 |
| 19 | MICHIGAN DEPT. OF COMMUNITY HEALTH<br>320 S. WALNUT, LEWIS CASS BLDG.<br>P.O. BOX 30223<br>LANSING, MI, 48909 | WAVE HAMILTON<br>PH: 517-241-5511 | PAYOR REBATES | | | | $5,770,063 |
| 20 | AVENTIS PHARMACEUTICALS PRODUCTS, INC.<br>300 SOMERSET CORPORATE CENTER<br>BRIDGEWATER, NJ, 08807 | DAMIAN JANASEK<br>PH: N/A<br>DAMIAN.JANASEK@SANOFI.COM | CONTRACT CLAIM | | | | $5,765,186 |
| 21 | NC DIVISION OF MEDICAL ASSISTANCE<br>11013 WEST BROAD STREET, SUITE 500<br>GLEN ALLEN, VA, 23060 | MAURY ANDERSON<br>PH: 804-548-0336 | PAYOR REBATES | | | | $5,066,967 |
| 22 | 8.00% DEBENTURES ADMINISTRATIVE AGENT: US BANK<br>100 WALL ST STE 600<br>NEW YORK, NY, 10005 | CAROLINE LEE<br>PH: 917-770-4761<br>CAROLINE.LEE@USBANK.COM | 8.00% DEBENTURES | | | | $4,450,000 |
| 23 | ALABAMA MEDICAID AGENCY<br>301 TECHNACENTER DR<br>MONTGOMERY, AL, 36117 | HEATHER VEGA<br>PH: 334-353-4592<br>HEATHER.VEGA@MEDICAID.ALABAMA.GOV | PAYOR REBATES | | | | $3,712,093 |
| 24 | PA DEPT. OF HUMAN SERVICES<br>9TH FLOOR COMMONWEALTH TOWER<br>303 WALNUT STREET<br>HARRISBURG, PA, 17101 | BRITTANY STARR<br>PH: 717-346-8164<br>C-BSTARR@PA.GOV | PAYOR REBATES | | | | $3,552,194 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | WASHINGTON UNIVERSITY IN ST LOUIS 700 ROSEDALE AVENUE SAINT LOUIS, MO, 63112 | JENNIFER LODGE PH: (314) 747-0515 LODGEJK@WUSTL.EDU | TRADE VENDOR | | | | $3,347,650 |
| 26 | LOUISIANA DEPART. OF HEALTH & HOSPITALS 15 CORNELL ROAD, SUITE 2201 LATHAM, NY, 12110 | DAVID HASSOUN PH: 518-220-3879 HASSOUND@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $2,934,038 |
| 27 | HUMANA 500 WEST MAIN ST LOUISVILLE, KY, 40202 | LEE GROVES PH: 502-580-9792 LGROVES@HUMANA.COM | DISTRIBUTOR FEES | | | | $2,545,909 |
| 28 | EASTMAN CHEMICAL FINANCIAL CORPORATION PO BOX 75794 CHARLOTTE, NC, 28275 | JUSTIN HECHT PH: 423-707-4988 JHECHT@EASTMAN.COM | TRADE VENDOR | | | | $2,393,508 |
| 29 | STATE OF TENNESSEE - TENNCARE 310 GREAT CIRCLE ROAD NASHVILLE, TN, 37228 | TONI CHAVIS PH: 615-507-6363 TONI.CHAVIS@TN.GOV | PAYOR REBATES | | | | $2,365,741 |
| 30 | MISSISSIPPI DIVISION OF MEDICAID 385B HIGHLAND COLONY PARKWAY SUITE 300 RIDGELAND, MS, 39157 | KATHERINE THOMAS PH: 601-206-2900 KATHERINE.THOMAS@CONDUENT.COM | PAYOR REBATES | | | | $2,254,491 |
| 31 | OHIO DEPARTMENT OF JOBS & FAMILY SVCS 45 COMMERCE DRIVE, SUITE 5 AUGUSTA, ME, 4332 | SHARI MARTIN PH: 207-622-7153 SMARTIN@CHANGEHEALTHCARE.COM | PAYOR REBATES | | | | $2,232,679 |
| 32 | WALGREENS 1417 LAKE COOK RD MS L264 DEERFIELD, IL, 60015 | ZACH MIKULAK PH: 847-964-4058 ZACHARY.MIKULAK@WALGREENS.COM | DISTRIBUTOR FEES | | | | $2,079,000 |
| 33 | PRIME 1305 CORPORATE CENTER DR EAGAN, MN, 55121 | PATRICK MCCAW PH: 612-777-5897 PATRICK.MCCAW@PRIMETHERAPEUTICS.COM | DISTRIBUTOR FEES | | | | $2,007,382 |
| 34 | GEORGIA DEPT OF COMMUNITY HEALTH 11013 WEST BROAD STREET, SUITE 500 GLEN ALLEN, VA, 23060 | HEATHER BROWN PH: 804-508-0366 HMBROWN1@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,989,153 |
| 35 | ARIZONA - AHCCCS 11013 WEST BROAD STREET, SUITE 100 GLEN ALLEN, VA, 23060 | MAURY ANDERSON PH: 804-548-0336 MBDANIELS@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,961,628 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 36 | PHARMACEUTICAL PRODUCT DEVELOPMENT INC 26361 NETWORK PLACE CHICAGO, IL, 60673 | JOE PANEGASSER PH: 913-233 6736 JOSEPH.PANEGASSER@PPDI.COM | TRADE VENDOR | | | | $1,952,372 |
| 37 | EMERGENT BIOSOLUTIONS INC 1111 SOUTH PACA ST BALTIMORE, MD, 21230 | JON LENIHAN PH: 857-654-3530 LENIHANJ@EBSI.COM | TRADE VENDOR | | | | $1,769,513 |
| 38 | SC DEPARTMENT OF HEALTH & HUMAN SERVICES 11013 W. BROAD ST., SUITE 500 GLEN ALLEN, VA, 23060 | JOHN COX PH: 804-548-0344 JDCOX1@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,767,897 |
| 39 | PATHEON 5900 MARTIN LUTHER KING JR HWY GREENVILLE, NC, 27834 | TEGAN SMITH PH: +44 7469159201 TEGAN.SMITH@THERMOFISHER.COM | TRADE VENDOR | | | | $1,730,062 |
| 40 | MISSOURI DEPARTMENT OF SOCIAL SERVICES DIVISION OF MEDICAL SERVICES P.O. BOX 6500 615 HOWERTON COURT JEFFERSON CITY, MO, 65102-6500 | REBATE CONTACT FOR DRUG REBATE PROGRAM PH: 573-526-5664 | PAYOR REBATES | | | | $1,713,414 |
| 41 | IQVIA 23 COBHAM DR ORCHARD PARK, NY, 14127 | MARK HENDRICKS PH: 619-208-2566 MARK.HENDRICKS@IQVIA.COM | TRADE VENDOR | | | | $1,658,160 |
| 42 | WI DIVISION OF HEALTHCARE ACCESS DRUG REBATE - CASH UNIT 313 BLETTNER BLVD MADISON, WI, 53784 | JODI HETTINGA PH: 608-224-6681 JODI.HETTINGA@WISCONSIN.GOV | PAYOR REBATES | | | | $1,489,760 |
| 43 | IL DEPT OF HEALTHCARE & FAMILY SERVICES 201 S. GRAND AVENUE EAST - 2ND FLOOR SPRINGFIELD, IL, 62763-0002 | BRADLEY WALLNER PH: 217-524-7161 BRAD.WALLNER@ILLINOIS.GOV | PAYOR REBATES | | | | $1,474,414 |
| 44 | KAISER 300 PULLMAN ST LIVERMORE, CA, 94551 | WINNIE NG PH: 925-294-7212 WINNIE.NG@KP.ORG | DISTRIBUTOR FEES | | | | $1,444,760 |
| 45 | UNITED BIOSOURCE CORPORATION PO BOX 75828 BALTIMORE, MD, 21275 | BRETT HUSELTON PH: 484-744-1666 BRETT.HUSELTON@UBC.COM | TRADE VENDOR | | | | $1,437,854 |
| 46 | NV DIV. HEALTH CARE FINANCING & POLICY 1100 E. WILLIAM STREET CARSON CITY, NV, 89701 | IAN KNIGHT PH: 775-684-3775 I.KNIGHT@DHCFP.NV.GOV | PAYOR REBATES | | | | $1,426,871 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 47 VA DEPT OF MEDICAL ASSISTANCE SERVICES 11013 WEST BROAD STREET GLEN ALLEN, VA, 23060 | MAURY ANDERSON PH: 804-548-0336 MBDANIELS@MAGELLANHEALTH.COM | PAYOR REBATES | | | | $1,349,789 |
| 48 WOLSELEY INDUSTRIAL GROUP PO BOX 100286 ATLANTA, GA, 30384 | ANGELA CHAPA PH: 317-408-9160 ANGELA.CHAPA@WOLSELEYIND.COM | TRADE VENDOR | | | | $1,282,328 |
| 49 CATALENT PHARMA SOLUTIONS 25108 NETWORK PLACE CHICAGO, IL, 60673 | MARY LEE SCHIESZ PH: 732-354-2989 MARYLEE.SCHIESZ@CATALENT.COM | TRADE VENDOR | | | | $1,226,572 |
| 50 DISTRICT OF COLUMBIA 750 FIRST STREET, N.E., SUITE 1020 WASHINGTON, DC, 20002 | BARRY POPE PH: 202-906-8353 BARRY.POPE@CONDUENT.COM | PAYOR REBATES | | | | $1,204,380 |

Fill in this information to identify the case and this filing:

Debtor Name __Mallinckrodt LLC__

United States Bankruptcy Court for the: __District of Delaware__
                                                    (State)

Case number (*If known*):_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* __Corporate Ownership Statement; List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __10/12/2020__          ✗ */s/ Stephen A. Welch*
             MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                     __Stephen A. Welch__
                                     Printed name

                                     __Chief Transformation Officer__
                                     Position or relationship to debtor